**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-377

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2024

State of Vermont v. James Ouimette\*

}   APPEALED FROM:
}
}   Superior Court, Chittenden Unit,
}   Criminal Division
}   CASE NO. 23-CR-03574
    Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction of criminal threatening following a jury trial. He argues that the court erred in denying his motion for judgment of acquittal and that the prosecutor committed plain error in discussing the alleged victim's testimony. We affirm.

Defendant was charged with violating 13 V.S.A. § 1702(a) for allegedly threating to shoot his neighbor in the head. The following evidence was presented at trial. A police employee testified that a social worker contacted him about the victim's family's concerns and issues they were experiencing. As part of his investigation, the employee located a complaint filed by the victim about defendant's alleged threat to shoot him in the head. The police employee met with the victim and his wife and took their sworn statements. He testified that he also tried to contact defendant without success, although he acknowledged on cross-examination that it was possible he had not done so.

The alleged victim testified that defendant was his neighbor, and they shared a driveway. Defendant had moved next door several years earlier. On the date in question, the victim was returning home from his job as a rideshare driver. Defendant was stopped at a stop sign near the parties' residences. The victim also had to stop because the road was too narrow to proceed. Defendant rolled down his window, looked at the victim, and, before the victim moved, stated, "What the [expletive] are you going to do? I could shoot you in the head right now." The victim was scared and anxious and called the police when he got home. He then went to the police station and provided a sworn statement. The victim testified that he was scared because "somebody [is] telling me I will shoot you and stuff." He did not know if defendant had a gun, and he feared for his life. The victim testified that defendant had frightened and harassed him in the past.

At the close of the State's case, defendant moved for a judgment of acquittal. He argued that the State failed to show why a reasonable person would find his words so upsetting as they were just words and not actions. Defendant's attorney argued that "we just have the alleged

victim's statement that—something about flipping them off. Said, 'what are you going to do about it? I'll shoot you in the head.'" Counsel argued that this was insufficient. The State opposed the motion, characterizing the victim's testimony in the same way as defense counsel; it also cited the victim's statement that he feared for his life. The court denied defendant's motion. Taking the evidence in the light most favorable to the State and excluding modifying evidence, it found the evidence sufficient to allow the jury to find defendant guilty of criminal threatening.

Defendant then testified. He said he had no recollection of the incident. He acknowledged having numerous prior incidents with the victim but stated that he had never threatened to shoot the victim. Defendant did not renew his motion for judgment of acquittal at the close of the evidence or after the jury's verdict. The jury found defendant guilty, and this appeal followed.

Defendant challenges the denial of his motion for judgment of acquittal. He fails to acknowledge in his opening brief that his challenge was not preserved. He asserts that the words "I could shoot you" are insufficient to constitute a "true threat" and that the court's erroneous impression of the testimony was "highly prejudicial and outcome determinative." He raises a plain-error argument for the first time in his reply brief, arguing that he was criminally convicted for words he did not say. Defendant also asserts that the State's description of the victim's testimony in its opening, closing, and to the court, was plain error.[*]

We begin with defendant's claim that he was entitled to a judgment of acquittal. As we have explained:

> [P]lain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights. . . . We are also mindful of the standard applied to claims that the trial court erred by failing to sua sponte move for acquittal on its own motion under V.R.Cr.P. 29(a). A court should move for acquittal only when the record reveals that the evidence is so tenuous that a conviction would be unconscionable.

State v. Davis, 2020 VT 20, ¶¶ 20-21, 211 Vt. 624 (quotation, alteration, and emphasis omitted).

The court did not err here by failing sua sponte to move for a judgment of acquittal. Section 1702(a) provides that "[a] person shall not by words or conduct knowingly: (1) threaten another person . . . ; and (2) as a result of the threat, place the other person in reasonable apprehension of death, serious bodily injury, or sexual assault . . . ." We have "rejected the argument that speech must be unequivocal, unconditional, immediate and specific to qualify as a true threat." State v. Blanchard, 2021 VT 13, ¶ 16, 214 Vt. 225 (quotation omitted). Instead, we "evaluate whether speech rises to the level of a true threat objectively—that is, whether an ordinary, reasonable person familiar with the context of the communication would interpret it as a threat of injury." Id. ¶ 14 (quotation omitted). In doing so, "we must consider the context of the speech and the circumstances of the parties involved." Id.

---

[*] Defendant asserts in his reply brief that "the State admits that [he] is innocent of the State's charge and the underlying facts." That argument is unsupported by the record, and we reject it.

2

In this case, the jury heard the victim's testimony about what occurred on the evening in question. Defendant was not criminally convicted for words he did not say. Given the history between the parties, defendant's statement as testified to by the victim, the circumstances in which the statement was made, and the victim's testimony that he feared for his life, the evidence here is not "so tenuous that a conviction [of criminal threatening] would be unconscionable." Davis, 2020 VT 20, ¶ 21 (quotation omitted).

There was similarly no plain error in the prosecutor's summary of the testimony in opening and closing, which mirrored statements made by defense counsel, or in its statement to the court while responding to defendant's motion for a judgment of acquittal. There is no support for defendant's assertion that these statements "supplanted the actual evidence in the minds of the trial court and the jury." The jury was instructed that opening and closing arguments are not evidence, and we presume the jury followed the court's instructions. State v. Dow, 2016 VT 91, ¶ 22, 202 Vt. 616. Any misstatement to the trial court about the testimony was harmless given both that defendant failed to preserve a challenge to the denial of his motion for judgment of acquittal, and that even if he had, this Court would review the record de novo to determine if there was sufficient evidence to support the jury's verdict. We find no error.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

3